Mr. Justice MacArthur
delivered the opinion of the court:
This is an action upon a policy of life-insurance, and one of the conditions irpon which the insurance was to be paid reads as follows:
“ That in the opinion of the surgeon-in-chief of this company, the party insured did not die of intemperance, with, which disease the party is now, or is supposed to be, affected, nor by any disease produced or aggravated by said disease.”
At a former term, this court determined that this was a valid condition, and that its performance must be averred in *472 the declaration, or its non-performance accounted for. (2 Bigelow Ins. B., 1C.)
The first count of the present declaration sets up the following averments by way of excusing the non-performance of the condition :
“And the plaintiff further says that, at the time said policy was issued, as aforesaid, and at the time of the death of the said Nathaniel H. Campbell, as aforesaid, one A. N. Gunn was, and till this suit commenced continued to be, the surgeon-in-chief of the defendant; that at said times and during said period said A. N. Gunn was interested in the determination of the question whether said Nathaniel H. Campbell died of intemperance, or of disease produced or aggravated thereby, among other things in this: that he, said Gunn, was the owner of certain shares of stock in said company, the defendant herein, of great value, to wit, the sum of four thousand dollars, upon which dividends of large sums of money,, the exact amounts of which are to the plaintiff unknown, were from time to time, before and after the times aforesaid, declared and paid by said defendant to said A. N. Gunn, and the value of said shares of stock and the extent of said dividends were at the time aforesaid, and before and afterwards,, affected by the payment of claims against the defendant and the refusal to pay them. The plaintiff further says that the foregoing facts relative to the interest of said Gunn in said company were concealed from her by the defendant at the time said policy was made and accepted by her, and for a long time thereafter, to wit, till after the death of said Nathaniel H. Campbell, and that she was utterly ignorant of the same till after this suit was commenced.”
There are several special pleas, among them the 3d, 4th, and 5th, which are the only ones now to be considered, and which set up the condition relative to the finding of the surgeon-in-chief,, and the non-performance of that condition by the plaintiff as a defense; but they do not take any issue as to the averments in the declaration, that he was interested in the matter to be decided by him, and that his interest was concealed from the plaintiff by the defendant when the-policy issued, and that she was ignorant of the same until after the commencement of this suit. And, in this respect,, *473 a majority of the court are of opinion that the pleas are had. in substance. It is scarcely necessary to suggest that parties may agree to such terms and conditions as they mutually consent to in their contracts, and they may constitute any one an arbitrator to determine matters of controversy both in law and fact. It is always advisable that the iierson so selected should be free from interest, but in this respect the party may use his own discretion, and when he is fully aware of the objection and yet constitutes a person so interested an arbitrator, he is bound by his decision. I know of no authority to controvert this position,- while the authorities which sustain it are quite numerous. The plaintiff in this case, for instance, agrees to refer the question whether the party insured did not die of intemperance, to the opinion of the surgeon-in-chief of the company. She thereby waived any objection to that officer on the ground of any supposed partiality or bias growing out of the circumstance that he was in the employment of the other contracting party. She was aware of his relation to the company by the policy itself, and, notwithstanding, consented that this matter might be referred to him. The case is different with respect to an arbitrator having a direct interest, and where the party selecting him has no knowledge of that circumstance, and from whom the fact of such interest is concealed, as is the case here conceded by the present state of the pleadings. We think, therefore, that the averments of the declaration fully excuses the non-performance of that condition; and that the plaintiff may properly object to the decision of the surgeon-in-chief.
We are of opinion that the alleged misconduct of the surgeon in deciding the matter submitted to him is sufficiently put in issue by the fifth plea. For the reason already assigned, however, the demurrer is sustained, and the parties have leave to amend pleading according to their stipulation-
Wylie and Olin, JJ., dissenting.